By the Court, Cow’en, J.
There is not the least reason for imputing' bad faith to the plaintiff’s attorneys. After learning the decision by the court of errors in Lovett v. Pell, (22 Wendell, 369,) denying that a misjoinder of counts is a cause for arresting judgment, they thought this case a proper one in which to move for a reconsideration, and proceeded accordingly. Notice was served on Mr. Goodhue, in the belief that he could properly be treated as attorney on record. Indeed, he had acted as such in'opposing one motion which was noticed after the rule for arrést had been obtained. He choosing not to appear in the subsequent motions, they were taken by default, and regularly so, unless Mr. Goodhue’s powers as attorney expired, by *659 operation of law,- on the order for arrest being taken. Whether they did, must depend on the duration which the law ascribes to the general power of an attorney on record. There is no authority in point to .the circumstances before us; but the principle and analogy of other cases seem to furnish a guide. • .
The rale is, that the power of the attorney under his general warrant expires. when judgment is rendered j for thereby, says Lord Coke, pladtum terminatur. (2 Inst. 378.) “ The defendant,” says Gilbert, “ is out of court by the judgment ; for the warrant of attorney is quousque pladtum terminate ; and the defendant’s pladtum is determined by the judgment.” (Macbeath v. Cooke, 1 Moore & Payne, 513, 514, S. P. 4 Bing: 578, S. C.) These reasons apply to an arrest of judgment, which is usually the final act of the court. (Benson, J. in Fish v. Weatherwax, 2 John. Cas. 216.) A new action may be brought, and the proceedings in that wherein the judgment was arrested can be pleaded neither in bar nor in abatement. (The People v. Casborus, 13 John. R. 351, 352.) It should also be noticed that the law prolongs the power for such time after judgment as may be necessary to take care of certain steps which grow out oí the main proceeding,, Thus, the plaintiff’s pladtum is said not to be determined till a ,year and a day after judgment. This is to enable the attorney to issue execution and do all things necessary to the collection and satisfaction of the judgment. (Gilb. Ex. 93.) The reason applies to the defendant where he is successful and recovers damages or costs. The statute has accordingly extended the power of the attorney for the successful party to two years, for the purpose of acknowledging satisfaction. (2 R. S. 286, 2d ed. § 26. Vide also Graft. Pr. 47, 48, 2d ed.; Gorham v. Gale, 7 Cowen, 739, 744, per Woodworth, J.) But where the party, either plaintiff or defendant, has a judgment against him, the law would in general do an idle thing by enlarging the warrant of attorney; and Macbeath v. Cooke, seems to raise a doubt, *660 whether a judgment being in his favor, the power is prolonged for all the purposes of enforcing collection.
When shall the judgment be considered as entered, for the purpose of terminating the suit? In Macbeath v. Cooke, which was the case of a judgment for the defendant, the court said that the attorney’s authority was determined when final -judgment was signed. (1 Moore Payne, 514.) And it seems to me this Cannot be said of a much earlier stage. In general, it is true, the judgment relates to the first day of the term at which, or next before the vacation in which, it is actually entered on the roll; and this may be made to speak as of that term. (Arnold v. Sandford, 14 John. R. 417, 424. Bragner v. Langmead, 7 T. R. 20.) But the cases do not allow the party to carry back the relation of a final judgment beyond that, even though the rule for judgment were several terms before. (Bing, on Judgm. 96.) It is said in 2 Mallory’s Entr. 369, that “ the having a rule for judgment, gives the party no ■ power to enter up the judgment in another term, as of the term in which the rule was granted; but such judgment was set aside.” And in 2 Lil. Pr. Reg. p. 143, B., it is said that till the judgment be recorded, it is no judgment. Thus, in the case of a judgment, to terminate the authority of the defendant’s attorney, there must be an entry of it on the roll. This is reasonable ; for unless his authority be continued to that time, the defendant has no professional assistance in seeing that the entry, if it be against him, is according to the truth, without appointing a new attorney; and if the entry is to be of a judgment in his favor, though no execution is to follow, the continuance of his attorney would be of still greater importance; for he would then have a positive duty to perform.
A rule to arrest the plaintiff’s judgment, is no more the final act in the cause than a rule for judgment, as may be seen by Bulling v. Rogers, (Barnes, 278.) There the defendant prayed an entry on the roll as the adjudication of the court, that the judgment be arrested, which was ordered ; for the rule alone would leave the action pending and plead- *661 able to a new action. (Vid. also Croswell v. Byrnes, 9 John. R. 287.) Mr. Goodhue, the attorney in the case before us, might have caused this entry to be made ; and it seems to me his power can no more be said to have terminated by force of the mere rule in arrest, than if he had taken a rule for judgment and stopped there. The plaintiff also might have desired to have the entry made, in order to avoid a plea ef the pendency of this cause in abatement to the action in the common pleas; in which case, Mr. Goodhue would have had a right to interfere and see that the entry was in proper form, and such as should work no prejudice to his client. It does not appear that any such entry was ever made; and the case has, therefore, continued open for further proceeding to this day. No entry which could now be made as matter of right, even if the rule in arrest had continued undisturbed, would finish the record and displace his power as of a time farther back than the last term; or if, as seems to have been held in Fleet v. Youngs, (11 Wend. 522,) with respect to a judgment, we might make an entry now for the time when the rule was entered, viz. ° October term, 1838, we could hardly allow a mere fictitious relation to overreach the steps which the plaintiff’s attorneys have, in the mean time, rightfully taken. The plaintiff might have preferred an entry of judgment against himself, in order to bring error; and such I observe was the alternative of one of his notices which he served on Mr. Goodhue. (Vide Fish v. Weatherwax, 2 John. Cas. 215. Bayard v. Malcom, 2 John. Rep. 101.) ' It was supposed, on the argument, that, to be available, a motion .for this must have been made earlier than it was proposed. It is not necessary to pass upon that question. The two years limitation. of a writ of error may have been an objection; but independently of that, I should think such a motion admissible at any time before the plaintiff is foreclosed by the entry upon the record of an adjudication in arrest. To displace Mr. Goodhue as his attorney, the defendant has been under the necessity of treating the rule for arrest of judgment as final from - the. dáy when it was entered. He *662 claimed for it the same effect as a formal judgment that he go without day; and said he had a second judgment to that effect, when we declined to amend the record by the circuit judge’s certificate. The answer is, that the utmost he could show, were the two rules, mere entries in the minutes of the court; and no entries on the judgment roll, or the record, ■ which, with us, answers to it. He is certainly very strict in claiming so much, especially when we see Mr. Goodhue appearing as his attorney in one motion, after the rule for arrest had been taken. The power of the attorney seems sometimes to be retained, even after the entry of final judgment on the record, and beyond the purpose of- merely superintending the collection of the debt. If a writ of error be brought against his client, it has long been the practice to require that he should be served with notice, (2 Sel. Pr. 365,) .though this, with us, is. now regulated by statute. (2 R. S. 498, 2d ed. § 57, 8. Vid. 2 Tidd’s Pr. 1068, Am. ed. of 1807.) So the entry of final judgment by the defendant’s attorney may he irregular. What objection is there, in such case, to serving him with notice of a motion to set it aside? It is his business at least to see that a regular judgment in favor of his client should be perfected and sustained when the court have awarded in his favor. Having conducted the suit, he is best able to resist all attacks upon the judgment. Indeed, his own regularity is generally drawn in question by the proceeding. For a similar reason he is the proper person to be served with notice, when the judgment, or any other proceeding in which he has participated, is sought to be set aside on the ground of merits, as in this instance, the rule for arrest. ,
On the whole, I think the plaintiff’s attorneys have been regular; and though Mr. Goodhue may have believed that he had competent technical ground for disregarding the service of papers through which he was always most fully and seasonably advised of what the plaintiff was doing, there is no reason that I see for relieving from the defaults he has incurred, without the usual terms of paying costs. This I think should be done. The defendant claims to *663 have been taken by surprise, and evidently has been. It is impossible for me to say now finally, that the plaintiff was right or wrong, on the merits of his motion to vacate the rule for arrest, or to take his rule denying a new trial, though such merits were considerably spoken to on the argument of this motion.- I think, that if they are to be considered at all, they must be brought directly before us, as they would have been on Mr. Goodhue appearing to the notices.
The motion of the defendant is therefore granted, on paying the costs of the plaintiff’s proceedings since the first of January, 1840, and the costs of opposing this motion.
Rule accordingly.